■ In the Matter of the Claim of BARNEY KAPLAN, Respondent, v. ZODIAC WATCH COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— GIBSON, P. J. The board was warranted in finding that "claimant was away from home on employer's business and was engaged in a reasonable activity when he fell and injured his back; and that such injury arose out of and in the course of his employment." There was evidence that claimant's haste in dressing was due to the demands of his work schedule and became the cause of his injury; and while affirmance could rest upon this evidence, the award can be sustained independently thereof since it was well within the area of factual evaluation committed to the board to assay the incident in its entirety

as one of the "normal activities" of a worker distant from home which may give rise to a compensable accident (*Matter of Schreiber* v. *Revlon Prods. Corp.*, 5 A D 2d 207, 208). The recent decisions upon which appellants rely (see, e.g., *Matter of Orpin* v. *Brother & Co.*, 15 A D 2d 282, affd. 12 N Y 2d 749; *Matter of Friedwald* v. *New York State Ins. Dept.*, 17 A D 2d 670) present no anomaly in the law but, at most, inconsistencies in the board's exercise of its fact-finding authority within this special area; as in each of those cases the board denied an award and we affirmed its denial. By the same token we should affirm the award in this case. Decision affirmed, with costs to the Workmen's Compensation Board. Aulisi and Staley, Jr., JJ., concur with Gibson, P. J.; Herlihy and Reynolds, JJ., dissent and vote to reverse and dismiss in a memorandum by Herlihy, J.: On this appeal the respondents do not base the reason for affirmance upon the fact that the claimant was in a hurry but in its brief repeatedly refer to the fact that the claimant was "rushing". Regardless of the semantics, the uncontroverted reason for the claimant's act was that he had to travel approximately 550 miles from Chicago to Duluth, Minnesota, leaving Saturday morning and arriving in time for work Monday morning. This particular act is common to all male employees regardless of vocation and within the facts of this case bears no reasonable connection to the employment. (Cf. *Matter of Miller* v. *Bartlett Tree Expert Co.*, 3 A D 2d 777, affd. 3 N Y 2d 654; *Matter of Orpin* v. *Brother Co.*, 15 A D 2d 282, affd. 12 N Y 2d 749; *Matter of Friedwald* v. *New York State Ins. Dept.*, 17 A D 2d 670.) The claimant received disability insurance to which he was entitled and to now award him compensation benefits is to eliminate the distinction between the two types of protection. In sum, from the record, there is no substantial evidence to bring the injury within "work connected" so as to arise in the course of employment. (Cf. *Matter of Davis* v. *Newsweek Mag.*, 305 N. Y. 20, 27.) The statute is not intended to provide insurance against every accident happening to a working man.